New York & R. Cement Co. *v.* Coplay Cement Co.[1]

*(Circuit Court, E. D. Pennsylvania.  February 13, 1891.)*

TRADE-MARKS—MANUFACTURES—NAME OF CITY.
  While an exclusive right or property in a trade-mark or trade-name need not be confined to a single person, yet a trade-mark cannot exist in the name of the city in which a thing is made by manufacturers in that city, for any one is at liberty to go to the city and manufacture, and falsely designating the article made as coming from that city is a fraud only.  Affirming 44 Fed. Rep. 277.

Bill in Equity to Enjoin Infringement of Trade-Mark.
Motion for reargument.
*Roland Cox*, for complainant.
*Preston K. Erdman* and *Chas. Howson*, for defendant.

BRADLEY, Justice.   While we have no hesitation in denying the motion for a rehearing in this case, being entirely satisfied with the conclusion at which we arrived on the argument of the cause, it may be proper to add a few words in explanation of our former opinion.   In holding that it is necessary to the validity of a trade-mark or trade-name that the claimant of it must be entitled to an exclusive right to it, or property in it, we do not mean to say that it may not belong to more than one person,

[1] Reported by Mark Wilks Collett, Esq., of the Philadelphia bar.

to be enjoyed jointly or severally. Copartners, upon a dissolution of partnership, may stipulate that each of them may use the trade-marks of the firm, and there may be many other cases of joint and several ownership; but such co-owners will together be entitled to the exclusive use of the trade-mark, and perhaps each of them will be entitled to such exclusive use as to all other persons except their associates in ownership. But this is very different from a claim by a resident of New York city, in common with all the other residents of that city, to the designation of an article as a New York article,—for example, New York soap, New York flannels, New York whisky, etc. Such a trade-mark cannot be maintained. A cigar manufacturer of Havana cannot maintain a claim of trade-mark in "Havana Cigars." If a dealer in New York sell cigars as Havana cigars which are not such, it may be fraud, but it is no violation of a trade-mark which can be claimed by all the cigar-makers of Havana. It is open to all persons to go to Havana and manufacture cigars there; but it would be absurd to say that they would thereby acquire a trade-mark in the name "Havana Cigars." So all cement manufacturers in Rosendale and its vicinity may rightly call their manufactured article "Rosendale Cement," but any other person may go to Rosendale and manufacture cement there, and have the same right. There is no exclusive property in the name, even in those who now reside there, or carry on the manufacture there. It is open to all the world. In our judgment there is not, there cannot be, any trade-mark in the name of the place.