APOLLO BROS., Inc., et al. v. PERKINS.

(Circuit Court of Appeals, Third Circuit. September 16, 1913.)

No. 1,684.

1. TRADE-MARKS AND TRADE-NAMES (§ 67*)—NATURE OF RIGHT.

The law governing technical trade-marks is but a branch of the law regulating trade competition; the prevention of unfair competition being the desideratum in both.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 78; Dec. Dig. § 67.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNLAWFUL COMPETITION—EVIDENCE.

Unfair competition in the sale of cigarettes under a similar name was not established, where the two brands were not offered in the same market, did not in fact compete, and no deception was attempted; defendant's package being radically different from plaintiff's in coloring, printing, and form, so that the one could not be readily mistaken for the other, and defendant's package could never have been used to deceive customers desiring to purchase cigarettes made by complainant.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

3. TRADE-MARKS AND TRADE-NAMES (§ 3*)—REQUISITES.

A name, in order to constitute a valid trade-mark, must point distinctly to the origin or ownership of the commercial article to which it is attached, either in meaning or by association, and must be of such a nature as to permit of exclusive appropriation by one person.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. § 3.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 9*)—GEOGRAPHICAL NAME—REGISTRATION—EXCLUSIVE APPROPRIATION.

Under Trade-Mark Act Feb. 20, 1905, c. 592, § 5, 33 Stat. 725 (U. S. Comp. St. Supp. 1911, p. 1461), denying registration to marks which consist merely of a geographical name or term, the word "Nubia" was not only incapable of official registration as a trade-mark for cigarettes, but could not be exclusively appropriated by any one, where it had not obtained a secondary meaning indicating that the goods bearing it came from one and the same source.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 13; Dec. Dig. § 9.*]

**5.** TRADE-MARKS AND TRADE-NAMES (§ 71\*)—GEOGRAPHICAL NAME—RIGHT TO USE—INFRINGEMENT.

Where a geographical name was not subject to absolute ownership and exclusive use as a trade-mark, the rights obtained by the first user, as a name for goods to which it was attached, were not infringed by mere use of the name by a competitor, even though such use was in association with competing goods; the second user's liability being limited to a case of unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 82; Dec. Dig. § 71.\*

Use of geographical names as trade-marks or trade-names, see notes to Hoyt v. J. T. Lovett Co., 17 C. C. A. 657; Illinois Watch Case Co. v. Elgin Nat. Watch Co., 35 C. C. A. 242.]

**6.** TRADE-MARKS AND TRADE-NAMES (§ 79\*)—PROTECTION—NATURE OF RIGHT.

An action to protect trade-mark rights, whether at law to recover damages or in equity to restrain further infringement, is founded upon false representation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 89, 90; Dec. Dig. § 79.\*]

**7.** TRADE-MARKS AND TRADE-NAMES (§ 93\*)—PROPERTY—INFRINGEMENT.

A technical trade-mark, whether registered, or unregistered, is treated as property, and infringement thereof carries a presumption of fraud; but, where no exclusive right to use of a trade-mark exists, a technical trade-mark is not established, and fraud and unfair competition in the use of the trade-mark must be proved.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.\*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge.

Suit in equity by Charles B. Perkins, trading as Charles B. Perkins & Co., against Apollo Bros., Incorporated, and others. From a decree for complainant (197 Fed. 476), defendants appeal. Reversed.

Albert W. Sanson and Hector T. Fenton, both of Philadelphia, Pa., for appellants.

Edward M. Biddle, Charles L. McKeehan, and Joseph S. Clark, all of Philadelphia, Pa., for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and RELLSTAB, District Judge.

RELLSTAB, District Judge. In the court below, Charles B. Perkins, trading as Charles B. Perkins & Co., a citizen of the state of Massachusetts, the appellee, filed his bill in equity against Apollo Bros., Incorporated, a corporation of the state of Pennsylvania, the appellant, alleging a common-law property right in a trade-mark for cigarettes, and also infringement and unfair competition by defendant, and praying for relief by an injunction and an accounting. The trade-mark name claimed by complainant was the geographical name "Nubia," which it is admitted he was the first to appropriate and adopt for cigarettes manufactured and sold by him. It was also claimed that the name had acquired, through long use by him, a secondary meaning, indicating the origin and ownership of the goods upon which

it was impressed. The infringement charged against the defendant was in selling cigarettes manufactured by him, put up in sealed boxes for sale, with a label containing the word "Nubias" and "Apollo Bros." The court below found in favor of the complainant, and awarded a perpetual injunction against the corporation defendant, its officers, agents, etc., restraining them from using the word "Nubias" as a name or designation for the cigarettes made and sold by said defendant. From this decree the defendant has appealed.

The contention of the defendant in the court below, as here, was that the word "Nubia," claimed by complainant as a common-law trade-mark, was incapable of exclusive appropriation as such, by reason of its being a geographical name, and, further, that, whether such name has acquired a secondary meaning or not, the user's right in it can be infringed by nothing less than acts amounting to unfair competition.

The material facts in the case are not in dispute. Complainant commenced the manufacture of his cigarettes under the name "Nubia" in 1898. He testifies that that designation was arbitrarily chosen as a somewhat fanciful one, and that since then he has continuously marketed them under that name. The cigarettes were put up in small sealed boxes convenient for the pocket, and the label on the lid, containing the word "Nubia" at the top and the words "Charles B. Perkins, Boston, Mass., U. S. A.," in distinct letters at the bottom, has on its middle portion a picture representing a sunset in the desert, with pyramids and camels, suggesting an Egyptian scene.

The defendants entered into the cigarette business in Philadelphia in December, 1905, and in 1906 manufactured and marketed cigarettes under the name of "Nubias," which they have since manufactured and sold. Defendants' cigarettes seem to have been put up in sealed cases of about the size of those of the complainant, intended for pocket use, with a black label on the side, containing nothing but the words "Nubias" and "Apollo Bros."

[1] The law governing technical trade-marks is but a branch of the law regulating trade competition. The prevention of unfair competition is the desideration in both. Nims on Unfair Business Competition, §§ 1, 4; Hopkins on Trade-Marks (2d Ed.) § 19.

[2] We agree with the court below:

"That 'the evidence does not support the charge of unfair competition. The two brands of cigarettes are not offered to the same market, and do not compete in fact.'"

The package of the defendant, its coloring, printing, and form, were so radically different from the plaintiff's that they could not be mistaken for each other and could never have been used to deceive. The complainant's right to the relief prayed, therefore, depends upon his having secured a technical trade-mark in the word "Nubia."

[3] There is much confusion in the cases, but to our mind the best-considered cases hold that it is essential that such a trade-mark possess the following characteristics: That either in meaning or association the mark points distinctively to the origin or ownership

of a commercial article, and that it is of such a nature as to permit of an exclusive appropriation by one person. Nims, § 2.

[4] "Nubia," it is admitted, is a geographical name, and there is nothing in the circumstance of its selection or use by the complainant (such as was found in Baglin v. Cusenier Co., 221 U. S. 580, 31 Sup. Ct. 669, 55 L. Ed. 863) that would permit of its registration under the Trade-Mark Act (33 Stat. 725 [U. S. Comp. St. Supp. 1911, p. 1461]), section 5 of which denies registration to marks which consist of "merely a geographical name or term." Not only is it incapable of official registration, but it may not be exclusively appropriated by any one. N. Y. & R. Cement Co. v. Coplay Cement Co. (C. C.) 44 Fed. 277, 10 L. R. A. 833; Id., 45 Fed. 212; Nims, § 110; Elgin Nat. Watch Co. v. Ill. Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365.

[5] We agree that a geographical name may, by use and association with a commodity, obtain a secondary meaning indicating that the goods bearing it come from one and the same source, and thus a superior right may be secured in the use of such name by one person; but, inasmuch as no absolute ownership in or exclusive right to use such name as a trade-mark vests in any one, the rights obtained by the first user are not infringed by the mere use of such mark by a competitor, even though such use is in association with competing goods. In such a case the second user becomes an infringer only when he makes an unfair use of such name. Not any competition, but only unfair competition, on the part of such user is actionable. Canal Co. v. Clark, 80 U. S. 311 (13 Wall.) 324, 20 L. Ed. 581; Columbia Mills v. Alcorn, 150 U. S. 464, 14 Sup. Ct. 151, 37 L. Ed. 1144; Elgin Nat. Watch Case, supra.

[6, 7] The action to protect trade-mark rights, whether at law to recover damages, or in equity to restrain further infringement, is founded on a false representation. A technical trade-mark, registered or unregistered, is treated as property, and an infringement thereof carries with it the presumption of fraud; but where no such exclusive right to the use of such trade-mark exists, a technical trade-mark right is not established, and fraud—unfair competition—in the use of the mark must be proved. Elgin Watch Case, supra; Siegert v. Gandolfi, 149 Fed. 100, 79 C. C. A. 142.

The policy of the law is to foster and not to hamper competition, and it only permits a monopoly in the use of a trade-mark when it has become the absolute and exclusive property of the first user—good against the world. A geographical name can never become such property, and the utmost the first user can insist is that no one else shall so use it as to constitute unfair competition. The purpose in an honest selection of a trade-mark is that it be an exclusive identification of the marked commodity with the personality of the owner, and it is not too much to require that such selection be made from a class of subjects capable of exclusive ownership. When one fails in this, he has only himself to blame if by another's honest selection and use of a similar trade-mark he is denied an exclusive use thereof. In such a case commercial rights are apt to

overlap, but the utmost that the courts can do in such cases is to enjoin, not the use of such a trade-mark, but the improper use thereof—unfair competition.

The business of neither the complainant nor the defendant is carried on in Nubia, and neither handles the products of that region. As between the parties, neither had a superior right of selection. Being the first to select such name gave the complainant no exclusive right in the use of it; but, being the first user, he has a right to protection as against any subsequent user who so uses the name as to bring to the latter the trade which belongs to the former, and in affording such protection the later comer will be required to so accompany the use of the name, whether on his goods or in advertising them to the trade or public, regardless of the trouble or expense to which he will be put, as is necessary to effect such purpose. Am. Waltham Watch Co. v. U. S. Watch Co., 173 Mass. 85, 53 N. E. 141, 43 L. R. A. 826, 73 Am. St. Rep. 263. Regulation, but not prohibition, is the remedy in such cases. To hold otherwise would be to give to one who could not register such name as a trade-mark all the benefits that such a registration would give, and preclude one innocent of any unfair trade dealing from using the name which the registration laws, by necessary implication, concede to be the common property of all. Or, stated differently, the complainant would be given all the rights flowing from an absolute ownership in a name in which he at best could only obtain a superior right.

In the present case the complainant has no property but only a commercial right in such mark. He has as yet suffered no commercial injury. As his or the defendant's trade expands, some impairment of the complainant's rights may take place. Whether more distinguishing accompaniments to the use of the word "Nubias" may then be required we cannot now say. As to such word, no prohibitive or injunctive relief is justified; and, as no unfair competition exists, regulative relief is not now called for.

The judgment of the District Court is reversed, with costs.