# SINGER MANUFACTURING COMPANY *v.* BENT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 7. Argued October 16, 17, 1894. — Decided May 18, 1896.

*Singer Manufacturing Company* v. *June Manufacturing Company, ante,* 169, followed.

THE case is stated in the opinion.

*Mr. Lawrence Maxwell, Jr.,* and *Mr. Charles K. Offield* for appellant.

*Mr. Wallace Heckman* for appellee.

MR. JUSTICE WHITE delivered the opinion of the court.

The pleadings here are substantially similar to those in the case of the Singer Manufacturing Company against the June Manufacturing Company, and the testimony in that case, in so far as applicable, was by stipulation used in this. Some additional testimony was, however, introduced bearing upon the particular alleged wrongdoing here complained of. The Circuit Court rendered a decree in favor of the defendant. 41 Fed. Rep. 214.

There is no difference in legal principle between the two cases. The sewing machines sold by the defendant were made by the June Manufacturing Company, and were in form like those generally made and sold by it. These machines contained the oval plate fixed at the base of the arm, a device cast in the leg of the stand of the machine, the plate and the casting being of the same general shape, size and appearance as those used by the Singer Manufacturing Company. There was, however, no exact identity between the words and marks used on the brass plates and in the casting of the Singer Company and those placed on the machines of the defendant. The device, which the defendant styled his trade-mark, con-

tained an eagle surrounded with the wording "NEW YORK, S. M. MFG. CO. WARRANTED." The lettering "New York S. M. Mfg. Co." on the brass plate of defendant corresponded in size and style of letters, with the lettering "The Singer Manfg. Co." on the brass plates of the latter company. It is plain that the position and size as well as the inscription found on these devices were calculated to deceive by creating the impression, on one not familiar with all the details of the marks of the Singer Manufacturing Company, that they were the marks of that company. The defendant argued that there is a difference between his devices and those of the June Manufacturing Company in that he does not, in so many words, employ the name "Singer." In other words, the contention is that a fraudulent device which is tantamount to a certain word, is not equivalent in law to the word for which it stands. The deceptive purpose of the devices and the lettering or words on them are abundantly established by the proof. The principal business office of the Singer Manufacturing Company is in the city of New York. In the so called trademark of the defendant the letters "S. M. Mfg. Co." are preceded by the word "New York," although there was no such company and the defendant had no factory or office there, but did business in Chicago, and bought in that city from the June Manufacturing Company the machines upon which he put the marks in question. There is no doubt that the marks were imitations of those used by the Singer Company and were intended to deceive, and were made only seemingly different to afford a plausible pretext for asserting that they were not illegal imitations, although they were so closely imitative as to deceive the public. The defendant therefore must be treated as if he had actually used the Singer marks. So treating him, however, we should be obliged to allow the use of the name "Singer," since that name, as we have already held in the case just decided, fell into the domain of things public, subject to the condition on the one who used it to make an honest disclosure of the source of manufacture. This rule controls and is applicable to this case, and renders necessary a reversal of the decree below.

It follows that the decree below must be

*Reversed and the cause remanded, with directions to enter a decree in favor of complainant, with costs, perpetually enjoining the defendant, his agents, servants and representatives, from marking upon sewing machines made or sold by him, or upon any plate or device connected therewith or attached thereto, the word " Singer," or words or letters equivalent thereto, without clearly and unmistakably specifying in connection therewith that such machines are the product of the defendant or other manufacturer, and not the manufacture of the Singer Manufacturing Company; and the defendant must be ordered to account as to any profits which may have been realized by him, because of the wrongful acts by him committed.*