## ALLEGRETTI CHOCOLATE CREAM CO. v. KELLER.

(Circuit Court, S. D. New York. February 12, 1898.)

TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION.

One is entitled to sell his product under his own name, either individually or in connection with a partner; but in so doing he must be careful not to do anything calculated to delude the public into the belief that his goods are those of another having the same name; and, if the latter has first acquired a reputation for the particular kind of goods, the former may be enjoined from selling like goods, except in connection with a clear statement indicating that they are not the goods of the latter.

This was a bill in equity by the Allegretti Chocolate Cream Company against Louis J. Keller to restrain an alleged unfair competition in business.

Charles K. Offield, for the motion.
John L. Cadwalader, opposed.

LACOMBE, Circuit Judge. In causes of this character it is the consuming purchaser who is most likely to be misled; the large dealer is usually sufficiently well informed to protect himself. The affidavits, therefore, of the other candy dealers, submitted by defendant, are not persuasive. This court is satisfied that before the defendant's advent in this city the chocolate creams made by complainant and its predecessor in Chicago were known to and sought after by persons here, sufficiently, as the papers show, to induce them to go to the trouble of individually importing them. As this demand was apparently confined to the consuming public, it may be difficult to show it directly otherwise than by the importations; but defendant's own actions supply any deficiencies in this line of proof. He states in his affidavit that when he had made up his mind to go into the candy business in New York he applied to the Allegretti Chocolate Cream Company to get it to engage him as its "New York representative." When this request was refused, he straightway betook himself to Allegretti & Co., to whom he made a similar request, successfully. Unless he was convinced that the name "Allegretti" would be of some use in opening a new candy store in New York, it is difficult to understand why he was so solicitous to obtain the right to use it. It appears that defendant sells only the candy of Allegretti & Co., of Chicago, and that there is an Allegretti in such firm. This Allegretti is entitled generally to sell his candies under his own name, either individually or in connection with partners, but in so doing he must be careful not to do anything calculated to delude the public into the belief that his goods are those of some one else. There is sufficient indication in the papers that the younger Allegretti had endeavored to create a confusion as to the identity of the chocolate creams manufactured by himself and by the complainant, respectively. The court of appeals in this circuit, following the English courts, has formulated a convenient rule applicable to cases of this kind (Baker v. Sanders, 26 C. C. A. 220, 80 Fed. 895), which saves complainant's rights, and works no hardship to an honest defendant. Such rule may be followed here.

Upon filing a bond for $2,000, conditioned upon final success in the suit, and which would seem to be amply sufficient to cover any additional expense to which defendant may be put, complainant may take an injunction pendente lite restraining the defendant, Keller, from selling the candies of Allegretti & Co. in packages bearing the name "Allegretti," unless such name be accompanied with the statement, "No connection with the original Allegretti of Chicago;" and be further restrained from using the said name in signs or advertisements unaccompanied with a like statement.