### BUZBY v. DAVIS et al.

(Circuit Court of Appeals, Eighth Circuit. November 7, 1906.)

#### No. 2,380.

1. TRADE-MARK—SYMBOL OF KEYSTONE PROPER AND INFRINGEMENT ACTIONABLE.

The symbol of the keystone of an arch is susceptible of exclusive appropriation as a trade-mark, and its use by another upon similar products after such adoption and registration by the owner is an infringement of his monopoly and remediable in equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 5, 8.]

2. SAME—USE OF WORD "KEYSTONE" MAY CONSTITUTE UNFAIR COMPETITION AND BE REMEDIABLE.

Conceding, but not deciding, that the word "Keystone" is a geographical term and not susceptible of monopolization as a trade-mark, yet its use by one manufacturer in his trade-name or on his products to palm them off as those of another may constitute unfair competition and entitle the latter to an injunction and damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 81–86.

Unfair competition, see Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

Use of geographical names, see Hoyt v. J. T. Lovett Co., 17 C. C. A. 657; Illinois Watch-Case Co. v. Elgin Nat. Watch Co., 35 C. C. A. 242.]

3. SAME—USE OF GEOGRAPHICAL AND DESCRIPTIVE WORDS MAY CONSTITUTE UNFAIR COMPETITION.

The use of geographical or descriptive terms to palm off the goods of one manufacturer or vendor as those of another may constitute unfair competition and may be lawfully enjoined by a court of equity to the same extent as the use of any other terms or symbols.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 81–86.]

4. SAME—FACTS—CONCLUSION.

A bill contained averments that the complainant made and sold oils and lubricants for 19 years under the name "Keystone Lubricating Company" until his products became known throughout the markets of the world as Keystone oils and lubricants, that after his trade had been established 17 years and his trade-name and his products were known as the Keystone Lubricating Company and the Keystone oils and lubricants, respectively, the defendants, for the purpose of deceiving purchasers and selling their goods as those of the complainant, commenced and continued to make and sell less costly and inferior oils and lubricants under the name Keystone Oil Company and have succeeded and are succeeding in this way in palming off their products as those of the complainant. *Held* the use of the word "Keystone," as alleged in the bill, constituted unfair competition and entitled the complainant to relief in equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 81–86.]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

W. Scott Bicksler, Edmon G. Bennett, and George L. Nye, for appellants.

John T. Bottom and Harry E. Kelly, for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. The complainant exhibited a bill for an injunction and damages for the infringement of his trade-mark, the symbol of the keystone of an arch, and for unfair competition. To this bill the defendants interposed a general demurrer, which the court sustained, and thereupon it dismissed the suit. The appeal challenges the decree of dismissal. The bill disclosed these facts: Ever since 1885 the complainant has been engaged in manufacturing and selling oils and lubricants at Philadelphia in the state of Pennsylvania under the name "Keystone Lubricating Company." His oils were of the finest quality, were made by him in immense quantities, were sold in all the various markets of the world, and commanded higher prices than those manufactured by any other person or corporation. In 1886 he appropriated, and has ever since used, the arbitrary symbol of the keystone of an arch as his trade-mark to denote the origin and ownership of his products, and has caused it to be plainly portrayed upon all the packages and receptacles which contain them. This symbol is his trade-mark of the oils and lubricants he makes, and in 1887, upon his application, it was duly registered as his trade-mark in the Patent Office of the United States. For the purpose of deceiving purchasers and the public generally and of selling their products as the oils and lubricants of the complainant, the defendants for about 18 months before the commencement of this suit placed the symbol of the keystone of an arch upon packages and receptacles of less costly and inferior oils and lubricants which they manufactured, and used it as their trade-mark. For the same purpose they adopted the words "Keystone Oil Company" as their trade-name, and sold their products marked with the symbol of the keystone under the name "Keystone Oil Company," and they con-

tinue so to do. By these means they have deceived and are deceiving purchasers and have sold and are selling to them their products as the oils and lubricants of the complainant. There are allegations of other facts in the bill; but of none which in any way modify or qualify the effect of those which have been recited, and it is difficult to see why these are not ample to entitle the complainant to the relief he seeks.

The only arguments presented in support of the opposite view are that Pennsylvania is the "Keystone" state; that the word "Keystone" is a geographical term, and hence not susceptible of monopolization as a trade-mark; and that the names Keystone Lubricating Company and Keystone Oil Company, are not so similar as to mislead purchasers or cause confusion in the trade. But the arbitrary symbol of the keystone of an arch is not a geographical term. It is the proper subject of exclusive appropriation as a trade-mark, and it was so under the common law before the state of Pennsylvania came into existence. The complainant adopted it to designate the origin and ownership of his products 19 years before he exhibited this bill. He registered it in the Patent Office as early as 1887, and the defendants more than 10 years later, without right, commenced and still continue to use it to palm off their products as those of the complainant. These facts alone constitute a good cause of action and entitle the complainant to damages and to an injunction, without regard to the question whether or not the defendants' use of the word "Keystone" is an infringement of the complainant's right.

Again, the primary and ordinary signification of the word "Keystone" is not geographical. It is only when it is used as an adjective or otherwise, to describe a state, that it signifies any special locality, and this use is limited and small in comparison to its use in its broader and general sense. Conceding, however, without admitting or deciding, that it is a term descriptive of a particular locality, the conclusion does not follow that the defendants may use it at will to perpetrate a fraud upon the complainant and to filch from him the good will of his business. This subject received exhaustive consideration by this court, and a review of the leading decisions of the question, our conclusions, our reasons for them, and many authorities in support of them may be found in Shaver v. Heller & Merz Co., 108 Fed. 821, 827, 831, 48 C. C. A. 48, 54, 58. We there said:

"The use of a geographical or descriptive term confers no better right to perpetrate a fraud than the use of any other expression. The principle of law is general and without exception. It is that no one may so exercise his own rights as to inflict unnecessary injury upon his neighbor. It is that no one may lawfully palm off the goods of one manufacturer or dealer as those of another to the latter's injury. It prohibits the perpetration of such a fraud by the use of descriptive and geographical terms which are not susceptible of monopolization as trade-marks as effectually as it prohibits its commission by the use of any other expressions." 48 C. C. A. 55, 108 Fed. 827.

And our conclusions were:

"(1) The sale of the goods of one manufacturer or vendor as those of another is unfair competition, and constitutes a fraud which a court of equity may lawfully prevent by injunction. Manufacturing Co. v. Spear, 2 Sandf. (N. Y.) 599; Seixo v. Provezende, 1 Ch. App. 192, 194; Coats v. Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847.

"(2) Geographical terms and words descriptive of the character, quality, or places of manufacture or of sale of articles cannot be monopolized as trademarks. Canal Co. v. Clark, 13 Wall. 311, 321, 20 L. Ed. 581; Mill Co. v. Alcorn, 150 U. S. 464, 14 Sup. Ct. 151, 37 L. Ed. 1144; Chemical Co. v. Meyer, 139 U. S. 540, 546, 11 Sup. Ct. 625, 35 L. Ed. 247; Manufacturing Co. v. Trainer, 101 U. S. 51, 56, 25 L. Ed. 993; Goodyear's India-Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 602, 9 Sup. Ct. 166, 32 L. Ed. 535; Continental Ins. Co. v. Continental Fire Ass'n (C. C.) 96 Fed. 846; Brown Chemical Co. v. Frederick Stearns & Co. (C. C.) 37 Fed. 361; Chemical Works v. Muth (C. C.) 35 Fed. 524, 1 L. R. A. 44; Illinois Watch-Case Co. v. Elgin Nat. Watch Co., 94 Fed. 667, 35 C. C. A. 237; New York & R. Cement Co. v. Coplay Cement Co. (C. C.) 45 Fed. 212; Iron Co. v. Uhler, 75 Pa. 467, 15 Am. Rep. 599; Connell v. Reed, 128 Mass. 477, 35 Am. Rep. 397.

"(3) But the use of such geographical or descriptive terms to palm off the goods of one manufacturer or vendor as those of another, and to carry on unfair competition, may be lawfully enjoined by a court of equity to the same extent as the use of any other terms or symbols. Knott v. Morgan, 2 Keen, 213; Wotherspoon v. Currie, L. R. 5 H. L. 508, 522, 523; Thompson v. Montgomery, 41 Ch. Div. 35; Montgomery v. Thompson (1891) App. Cas. 217, 220; Lee v. Haley, 5 Ch. App. 155; Seixo v. Provezende, 1 Ch. App. 192, 194; Brewery Co. v. Powell (1897) App. Cas. 710, 716; North Cheshire & Manchester Brewery Co. v. Manchester Brewery Co. (1899) App. Cas. 83; McLean v. Fleming, 96 U. S. 245, 255, 24 L. Ed. 828; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 550, 551, 11 Sup. Ct. 396, 34 L. Ed. 997; Elgin Nat. Watch Co. v. Illinois Watch-Case Co., 179 U. S. 665, 673, 674, 21 Sup. Ct. 270, 45 L. Ed. 365; Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 41, 21 Sup. Ct. 7, 45 L. Ed. 60; Flour-Mills Co. v. Eagle, 86 Fed. 608, 628, 30 C. C. A. 386, 406, 41 L. R. A. 162; City of Carlsbad v. Kutnow, 71 Fed. 167, 173, 18 C. C. A. 24, 30; Block v. Distributing Co. (C. C.) 95 Fed. 978, 980; Meyer v. Medicine Co., 58 Fed. 884, 887, 7 C. C. A. 558, 565; Garrett v. T. H. Garrett & Co., 78 Fed. 472, 478, 24 C. C. A. 173, 178, 179; Walter Baker & Co. v. Sanders, 80 Fed. 889, 26 C. C. A. 220; Tarrant & Co. v. Hoff, 76 Fed. 959, 961, 22 C. C. A. 644, 646; R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 70 Fed. 1017, 1019, 17 C. C. A. 576, 578; Thread Co. v. Armitage, 21 C. C. A. 178, 186, 74 Fed. 936, 944; Fuller v. Huff, 104 Fed. 141, 144, 43 C. C. A. 453, 51 L. R. A. 332; Williams v. Mitchell, 106 Fed. 168, 45 C. C. A. 265; Salt Co. v. Burnap, 73 Fed. 818, 821, 20 C. C. A. 27, 30; Saxlehner v. Apollinaris Co., 13 Law Times Rep. 258; American Waltham Watch Co. v. U. S. Watch Co., 173 Mass. 85, 53 N. E. 141, 43 L. R. A. 826, 73 Am. St. Rep. 263; Cady v. Schultz, 19 R. I. 193, 195, 32 Atl. 915, 29 L. R. A. 524, 61 Am. St. Rep. 763; American Brewing Co. v. St. Louis Brewing Co., 47 Mo. App. 14, 20; Newman v. Alvord, 49 Barb. (N. Y.) 588; Taylor v. Carpenter, 11 Paige (N. Y.) 292; Id., 2 Sand. Ch. (N. Y.) 603; Croft v. Day, 7 Beav. 84, 89, 90; Reddaway v. Banham (1896) App. Cas. 199; Cochrane v. Macnish (1896) App. Cas. 225, 229.

"(4) A proprietary interest in the terms or symbols used to palm off the goods of one manufacturer or vendor as those of another, or to commit any other fraud, is not essential to the maintenance of a suit to enjoin the perpetration of the wrong; but an interest in the good will of the business or in the other property threatened is sufficient. Knott v. Morgan, 2 Keen. 213; Lee v. Haley, 5 Ch. App. 155; Thread Co. v. Armitage, 21 C. C. A. 178, 186, 74 Fed. 936, 944." 48 C. C. A. 59, 60, 108 Fed. 831, 832, 833.

To these conclusions we adhere, and they are decisive of the right of the defendants to use the word "Keystone" in the Keystone Oil Company, or elsewhere, for the purpose of selling their products as those of the complainant's. The averments of the bill are that they are so using this word and that their use of it is having this effect.

The decree below must, therefore, be reversed, and the case must be remanded to the Circuit Court, with directions to overrule the demurrer, to permit the defendants to answer, and to take further proceedings in accord with the views expressed in this opinion.