STANDARD PAINT CO. v. RUBBEROID ROOFING CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1915.)

No. 2077.

1. TRADE-MARKS AND TRADE-NAMES ☞3—UNFAIR COMPETITION.

Descriptive words, like geographical and proper names, may acquire a secondary significance, and in that meaning are the subject-matter of ownership, to be protected against unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. ☞3.

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. TRADE-MARKS AND TRADE-NAMES ☞3—UNFAIR COMPETITION.

Complainant's product was known as "Ruberoid" roofing, and although the word was descriptive and as such not subject to appropriation as a trade-mark, it had acquired a secondary meaning which indicated complainant's product. After it was decided that complainant had no trademark in the name, the defendant corporation, known as the "Rubberoid Roofing Company," was organized, and its product was advertised as "Rubberoid," there being an obvious intent to palm it off as the goods of complainant. *Held*, that complainant would, by an injunction, be protected from such unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. ☞3.]

Appeal from the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Bill by the Standard Paint Company against the Rubberoid Roofing Company and another. From a decree dismissing the bill, complainant appeals. Reversed with directions.

W. Clyde Jones, of Chicago, Ill., and Alan D. Kenyon, of New York City, for appellant.

H. F. Driemeyer and Clarence E. Pope, both of East St. Louis, Ill., for appellees.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

MACK, Circuit Judge. This is an appeal from a decree dismissing a bill of complaint for want of equity. Unlike the suit brought by the complainant in the Eighth circuit (Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 Sup. Ct. 456, 55 L. Ed. 536, affirming 163 Fed. 977, 90 C. C. A. 195), it is based solely upon alleged unfair competition.

No attempt is made to reopen the question determined by the Supreme Court that the word "Ru-ber-oid" is a misspelling of rubberoid

and, as such, is descriptive and, therefore, in its primary signification, not susceptible of exclusive appropriation as a trade-mark. The further decision that, on the evidence presented by the record in the Trinidad Case, unfair competition had not been established, settled solely a question of fact, and therefore is without binding force in the solution of a similar question in this case.

Appellee, Rubberoid Roofing Company, is a dealer, not a manufacturer. It was organized with a capital stock of $1,000 after the decision of the Circuit Court of Appeals in the Trinidad Case. Prior thereto its organizer and principal stockholder had been engaged in business for a number of years under other corporate names, marketing the identical flexible or rubberoid roofing material under the brands "Century," "Mutual," and "Victor." Appellee, All Roofing Company, an independent corporation, manufactured and labeled the material for all of these corporations.

[1, 2] It is now well settled that descriptive words, like geographical and proper names, may acquire a secondary signification and, in that meaning, are the subject-matter of ownership to be protected against unfair competition. Reddaway v. Banhan, 1896, A. C., 199; Williams v. Mitchell, 106 Fed. 168, 45 C. C. A. 265. And, while the mere use of the descriptive word or of some word closely resembling it (rubbero for rubberoid) will not of itself constitute unfair competition—

"the manufacturer of particular goods is entitled to protection of the reputation they have acquired against unfair dealing. * * * The essence of such a wrong consists in the sale of the goods of one manufacturer or vendor for those of another." Trinidad Case, supra.

The evidence before us clearly establishes that the word "Rubberoid," recently changed to "Ru-ber-oid," had long before the commencement of these proceedings acquired a secondary signification in connection with flexible or prepared roofing, as indicating roofing of appellant's manufacture. Appellant and its predecessor in the business and title had used the word as a trade-name since 1892. Flexible roofing is not a patented article; it is produced by many manufacturers, none of whom, except appellee and the Trinidad Company, had designated it by the trade-name "Rubberoid" or any similar name. Every manufacturer or dealer, including three corporations controlled by the principal stockholder and organizer of appellee, Rubberoid Roofing Company, had some other distinctive trade-name or brand for its flexible or rubberoid roofing. While this general acquiescence in appellant's claim of exclusive rights may have been due to its registration in 1901 of the word "Ruberoid" as a trade-mark, yet, inasmuch as appellant was therein apparently acting honestly and not fraudulently, it cannot, on that account, be deprived of protection against unfair competition. If appellee used the word "rubberoid" merely as descriptive of its roofing, there could be no cause for complaint. But it goes further; it designates its product, not adjectively and descriptively as a rubberoid roofing, but substantively and by a trade-name as "Rubberoid." The noun rubberoid, not the adjective, is expressly claimed to be the brand of its roofing. In one of the letters in evidence it speaks

of "our Rubberoid brand roofing." The evidence clearly demonstrates that the use of the word as a trade-name or brand was not adopted innocently and in ignorance of appellant's rights, or continued in a way clearly to differentiate the two products, but that it was done willfully and fraudulently, with full knowledge of the secondary signification that the word had acquired, with the intent and in a manner—

"calculated to mislead the public with respect to the origin * * * of the goods and thus to invade the right [of appellant] to the use of the name or term as a designation of (its) merchandise." Davids Co. v. Davids, 233 U. S. 461, 34 Sup. Ct. 648, 58 L. Ed. 1046.

The decision in the Trinidad Case, supra, furnishes no justification for such acts. The court there found as a fact that, although the word "rubbero" was used as the name of an article, there was no unfair competition; that the defendant therein did "not use the word 'rubbero' in such a way as to amount to a fraud on the public." Appellee in the instant case, however, not merely adopted the well-established trade-name of appellant's product to designate its roofing, but it did so with the intent to induce the belief that it was handling appellant's goods. When "Ru-ber-oid" was requested, it and its dealers supplied its "Rubberoid" brand; it evasively failed to answer specific questions of a prospective customer as to whether its goods, sold at a much lower price, were identical with those manufactured and sold by appellant; it misappropriated, altered, and misused a testimonial letter given on behalf of appellant's roofing. It is immaterial that, in some instances, the purchasers were not in fact deceived because they were acting on behalf of appellant for the very purpose of securing positive proof of appellee's willingness, when the opportunity presented itself, to palm off its goods as those of appellant. The corporate name, Rubberoid Roofing Company, was adopted to obtain the benefit of the decision that "Ruberoid" was not a trade-mark. If the new company had dealt fairly with the public and its competitors in the sale of an article which could properly be described as rubberoid roofing, even though in fact, as the evidence in this record clearly shows, it ordinarily was described as rubber roofing or flexible roofing, the corporate name, in and of itself, would furnish no ground for complaint; the use therein of the word "Rubberoid" could well be descriptive and, as this court held in the recent case of Keystone Oil & Manufacturing Co. v. Buzby, 219 Fed. 473, 135 C. C. A. 185, such use would not constitute unfair competition. Appellee, however, has gone further. It has so printed the word "Rubberoid" in its corporate name, on circulars, letters and labels as to make this word appear as its trade-name.

Under all of these circumstances appellant is entitled to such relief as will afford it adequate protection in its property rights. Chickering v. Chickering, 215 Fed. 490, 131 C. C. A. 538. In so far as the decision in Walter Baker & Co. v. Gray, 192 Fed. 921, 113 C. C. A. 417, 52 L. R. A. (N. S.) 899, is inconsistent with the views expressed by this court in the Chickering Case and in the case of Walter Baker & Co. v. Slack, 130 Fed. 514, 65 C. C. A. 138 (cited with approval in Her-

ring. Safe Co. v. Hall's Safe Co., 208 U. S. 554, 559, 28 Sup. Ct. 350, 52 L. Ed. 616), we must decline to follow it.

The appellees should be enjoined from using the word "Rubberoid" or "Ru-ber-oid," or any similar name as the trade-name or brand of the Rubberoid Roofing Company's roofing or as part of such trade-name or brand, or from using such word descriptively in circulars, letters, advertising, or labels, in reference to such roofing material, in any way that does not clearly indicate that such use is merely descriptive. Appellee, Rubberoid Roofing Company, should further be enjoined from so using the word "Rubberoid" in its corporate name, on circulars, letters, advertising, or labels, as to emphasize such word in relation to the other words in its name or as to indicate that such word is the brand or trade-name of its product, and, for the reasons stated in the Keystone Case, supra, it should be required clearly to state on all letters, circulars, advertising, and labels on which its corporate name appears, in effect, that its roofing product is not that of the Standard Paint Company.

The decree of the District Court is therefore reversed, with directions to enter a decree in accordance with the views herein expressed.