# N. A. RODSETH v. NORTHWESTERN MARBLE WORKS and Others.[1]

June 4, 1915.

Nos. 19,185—(119).

**Transfer of trade name.**

1. One having the exclusive right to use a trade name can transfer such right to another only when coupled with a transfer of some property or business with which the name has become identified.

**Exclusive use of trade name.**

2. One person cannot exclude another from using a particular name as a

[1] Reported in 152 N. W. 885.

---

Note.—The authorities passing upon the right to use geographical name as a trade name are presented in a note in 26 L.R.A. (N.S.) 73.

As to sale of a trade mark, see note in 1 L.R.A. (N.S.) 704.

trade name, unless he has made actual prior use of such name as his own trade name.

**Same — injunction against use by corporation.**

3. If the name of a corporation has become established as the trade name of another before its use as such by the corporation, the corporation may be enjoined from using it as a trade name, except in such form as will fairly distinguish it from the name already in use.

**Geographical or descriptive words — distinction between competitors' trade names.**

4. No one can acquire the exclusive right to use the name of the place where his business is located, nor the exclusive right to use words properly descriptive of the nature of the business, but where he establishes a trade name containing such geographical name and such descriptive words, if a competitor subsequently desires to use the same name and the same or similar descriptive words in his own trade name, he must put them in such form, or combine them with other words in such manner, that his trade name will be fairly distinguishable from the trade name first in use.

Action in the district court for Polk county against Northwestern Marble Works, a corporation, Crookston Marble Works, a corporation, P. N. Ringdahl, John L. Sundet and F. R. Hamel to enjoin defendants from using the name Crookston Marble Works as the name of the corporation, firm or individuals who might conduct defendants' business. The action was tried before Watts, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*W. E. Rowe, Charles Loring* and *G. A. Youngquist,* for appellant.

*Martin O'Brien, Ole J. Vaule* and *William P. Murphy,* for respondents.

TAYLOR, C.

Both parties to this controversy are engaged in the business of manufacturing and selling tombstones, monuments and other marble and granite products in the city of Crookston. Plaintiff asserted in his complaint that he had the exclusive right to do business as the "Crookston Marble Works," and demanded that defendants be enjoined from using that name. Defendants asserted in their an-

swer that they had the exclusive right to do business as the "Crookston Marble Works," and demanded that plaintiff be enjoined from using that name and also from using the name "Crookston Marble and Monument Works." The court rendered judgment denying plaintiff any relief and enjoining him from doing business under the name "Crookston Marble Works." Plaintiff appealed from the judgment.

For several years prior to 1901, defendants Ringdahl, Sundet and Hamel were engaged in the marble business at Crookston under the firm name and style of "Northwestern Marble Works," and were the only concern engaged in that line of business in that vicinity. Much of their business was done by mail, and letters intended for them were sometimes addressed to "Crookston Marble Works" or "Marble Works." In 1901, Hans E. Nesne and Charles E. Bourden formed a partnership and engaged in the marble business at Crookston under the firm name and style of "Crookston Marble Works." In July, 1902, defendants Ringdahl, Sundet and Hamel and certain associates organized a corporation under the corporate name and style of "Crookston Marble Works," and commenced doing business under that name. Nesne and Bourden, claiming the prior right to use the name "Crookston Marble Works" as a trade name, brought an action against defendants Ringdahl, Sundet and Hamel and the "Crookston Marble Works," a corporation, which resulted in perpetually enjoining the defendants therein from doing business under the name "Crookston Marble Works." See Nesne v. Sundet, 93 Minn. 299, 101 N. W. 490, 106 Am. St. 439, 3 Ann. Cas. 30. Thereafter the individual defendants organized another corporation under the name "Northwestern Marble Works" and continued their business under that name. Nesne and his associates also organized a corporation under the name "Crookston Marble Works" and continued their business under that name as a corporation. In 1910 Nesne and his company removed their property, machinery and business from Crookston to Fargo, North Dakota, where they organized another corporation under the name "Dakota Monument Company," to which they transferred their entire business, and thereafter it was conducted at Fargo under the name "Dakota Monu-

ment Company." They retained a post-office box at Crookston in the name of the Crookston Marble Works, and sent collectors into that territory to collect outstanding accounts payable to the Crookston Marble Works, and these representatives sometimes took orders in the name of that company, but such orders were always sent to the Dakota Co. and were filled by the Dakota Co. at Fargo. After their removal to Fargo, the Nesne concern had neither property nor place of business at Crookston and filled no orders from that place, and ceased to use the name "Crookston Marble Works," except as above stated. In 1911, plaintiff, who had been employed by defendants for many years, left their employ and began business for himself in the same line, at Crookston, under the name and style of the "Crookston Monument Works." In January, 1914, defendants made an application to vacate the injunction restraining them from using the name "Crookston Marble Works," on the ground that the Nesne concern had abandoned the name and ceased to do business under it. This application was granted and the injunction vacated in June, 1914. Immediately thereafter defendants began doing business under the name "Crookston Marble Works." In January, 1914, after service of notice of the application to vacate the injunction but before the hearing upon such application, the Nesne Co. executed to plaintiff an instrument whereby that corporation "for value received hereby assigns, transfers, and sets over to Nels Rodseth the right to use the name of Crookston Marble Works in his business at Crookston, Minnesota, and vicinity, and to have and retain the good will which accompanies the use of said name, and to conduct and operate his business under said name." Plaintiff immediately inserted the word "Marble" in his business name and has been doing business under the name "Crookston Marble and Monument Works" ever since. As soon as defendants began using the name "Crookston Marble Works," plaintiff brought this action to enjoin them from doing so.

The admitted facts are conceded by both parties to be ample to warrant the granting of an injunction against the party not entitled to use the coveted name, and we shall not stop to rehearse them further. The question presented is, which party has acquired rights,

prior in point of time, that are infringed by the use of the name by the other party.

Plaintiff claims that under his conveyance from the Nesne Co. he acquired the right, formerly possessed by that company, to the exclusive use of the name as against defendants. It is well settled that the transfer of a trade name can be made only when coupled with the transfer of some product or business with which it has become identified. One having the right to use a trade name cannot convey to another the naked right to the exclusive use of such name independent of any interest in the property or business to which it has been applied. Cigar-Makers' Protective Union v. Conhaim, 40 Minn. 243, 41 N. W. 943, 3 L.R.A. 125, 12 Am. St. 726. Falk v. American West Indies Trading Co. 180 N. Y. 445, 73 N. E. 239, 105 Am. St. 778, 2 Ann. Cas. 216, and cases cited in note appended thereto; also cases cited in subdivision III, paragraph b, of note appended to same case in 1 L.R.A.(N.S.) 704. Where the bare right to use the name is all that is transferred, the name no longer serves to point out and protect the business with which it has become identified, nor to secure the public against deception, but tends to give to a different business the benefit of the reputation established by the business to which the name had previously been applied; and the courts are unanimous in holding that such transfers are of no effect. The transfer to plaintiff conveyed no property, and no part of, or interest in, the business of the Nesne concern; and hence gave no prior or paramount right to use the name "Crookston Marble Works."

Defendants contend that, ever since the incorporation of defendant "Crookston Marble Works" in 1902, they have had the right, as against all the world except the Nesne concern, to do business under that name, and that such right is prior and paramount to any right acquired by plaintiff. They insist that the right of the corporation to do business in its corporate name was merely in abeyance while the injunction was in force; and that, after the injunction had been vacated, such right revived as of the date of the incorporation, and is prior in time to the time that plaintiff began business in 1911.

The question here involved is the right to use a trade name, and must be determined by the rules governing the use of such names.

Adopting a particular name as its corporate name does not necessarily give a corporation the right to use such name as a trade name. The names which it may select are so unlimited in number that there is no need to select one already appropriated by another, and if it sees fit to incorporate under a name already in use by another as a trade name, it acquires no right to use such name as its own trade name.   Nesne v. Sundet, 93 Minn. 299, 101 N. W. 490, 106 Am. St. 439, 3 Ann. Cas. 30.   The right to exclude another from using a particular name as a trade name depends upon whether the one asserting such right has made actual prior use of such name as his own trade name.   The intent to appropriate a name as a trade name, not followed by actual user, is not sufficient.  28 Am. & Eng. Enc. (2d ed.) 393.   A person may lose the right to use his own name as a trade name except in such form, or in such combination with other words, as will distinguish his business and product from that of a competitor whose business or product is already generally known by such name.   Morton v. Morton, 148 Cal. 142, 82 Pac. 664, 1 L.R.A.(N.S.) 660, and cases cited in note; Ætna Mill and Elevator Co. v. Kramer Milling Co. 82 Kans. 679, 109 Pac. 692, 28 L.R.A.(N.S.) 934, and cases cited in note.   The same rule applies with greater force to corporations.   International Silver Co. v. Rogers Corporation, 66 N. J. Eq. 119, 57 Atl. 1037, 2 Ann. Cas. 407, and cases cited in note at page 418.

In the present case defendants established a business under the trade name "Northwestern Marble Works", but not only did not establish a business under the trade name "Crookston Marble Works," but were prohibited from doing so.   It follows that defendants had acquired no right to do business under the name "Crookston Marble Works," and no right to use that name as a trade name at the time plaintiff began business as the "Crookston Marble and Monument Works," and that no rights possessed by defendants were infringed by the use of such name by plaintiff.

The question remains whether the use of the name, "Crookston Marble Works," by defendants in 1914, constituted unfair competition with plaintiff.   Much of the business of both parties consists in manufacturing and furnishing monuments to fill orders

received by mail; and both insist that the names "Crookston Marble Works" and "Crookston Marble and Monument Works," are so nearly alike that the public fails to discriminate between them; and each complains that, in consequence thereof, the other receives orders intended for himself. That the similarity in these names misleads the public is admitted and asserted by both parties.

The word "Crookston" is the name of the city where both are doing business, and both have the right to use that name to indicate that they are doing business at that place. The words "Marble Works," "Monument Works" and "Marble and Monument Works" are descriptive of the character of the business and also of the product offered to the public, and both parties have the right to use such descriptive words. But where one manufacturer or dealer has adopted and acquired the right to use, as a trade name, a combination of words which indicates his place of business and also is descriptive of his product, if another, although engaged in the same line of business in the same town, and having the right to use the same words to indicate his location and the nature of his business, thereafter combines such words into a trade name for himself, which is, in form, so nearly like that previously adopted by his competitor as to mislead the public, it constitutes unfair competition. While his competitor cannot acquire the exclusive right to use the name of the town in which both do business, nor the exclusive right to use the descriptive words ordinarily used to indicate the nature of such business; yet, if the one second in point of time desires to incorporate such words in his own trade name, he must use them in such form, or combine them with other words in such manner, that his trade name will be fairly distinguishable from that of his competitor. He is not permitted to simulate the prior trade name to such an extent that purchasers will be led to deal with him under the belief that they are dealing with his competitor. Rickard v. Caton College Co. 88 Minn. 242, 92 N. W. 958; Sheffield-King Milling Co. v. Sheffield Mill & Ele. Co. 105 Minn. 315, 117 N. W. 447, 127 Am. St. 574; Northwestern Knitting Co. v. Garon, 112 Minn. 321, 128 N. W. 288; Buzby v. Davis, 150 Fed. 275, 80 C. C. A. 163, 10 Ann. Cas. 68, and cases cited in note; Dyment v. Lewis,

144 Iowa, 509, 123 N. W. 244, 26 L.R.A.(N.S.) 73, and cases cited in note.

The facts are fully set forth in the findings of the learned trial court and a new trial is unnecessary.

The judgment is reversed with directions to amend the conclusions of law to conform to the views hereinbefore expressed and to render judgment accordingly.

SCHALLER, J., took no part.