JORDAN SULPHUR SPRINGS & MUD BATH SANITARIUM
COMPANY v. MUDBADEN SULPHUR SPRINGS
COMPANY AND OTHERS.[1]

December 15, 1916.

Nos. 19,985—(113).

**Trade-name — words descriptive of business — subsequent user to make name distinguishable — descriptive trade-name words.**

1. By prior adoption and use one does not acquire the exclusive right to use as a trade-name words properly descriptive of a business engaged in by him and by others; but if another, engaged in a like business, sub-

[1]Reported in 160 N. W. 252.

sequently makes use of such descriptive words in his trade-name he must so combine them that the two trade-names will be fully distinguishable.

**Same — sulphur springs sanatorium.**

2. Applying this rule it is *held* that the defendant, engaged like the plaintiff in conducting a sulphur springs sanatorium, may use the words "sulphur springs" in its trade-name which is its corporate name, though prior thereto the plaintiff used the same words in its corporate and trade-name, the two being fairly distinguishable.

Action in the district court for Scott county to restrain defendant from using or transacting any business under the name of Mudbaden Sulphur Springs Company or any other name so similar to plaintiff's trade-name as to mislead the public. The case was tried before Morrison, J., who when the case was called for trial sustained the objection of defendants to the introduction of any testimony and granted the motion of defendants for judgment on the pleadings and dismissed the suit. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*F. J. Leonard,* for appellant.

*J. J. Moriarty* and *W. H. Leeman,* for respondent.

DIBELL, C.

Action to restrain the defendant from using its corporate name as a trade-name upon the ground that it unfairly infringed the prior adopted trade-name of the plaintiff. At the trial the court sustained the defendant's objection to the introduction of testimony under the complaint and dismissed the action. The plaintiff appeals from the order denying its motion for a new trial.

1. By prior adoption and use one does not acquire the exclusive right to use as a trade-name words properly descriptive of the business in which he is engaged; but if another, engaged in a like business, subsequently makes use of such descriptive words in his trade-name, he must use them in such combination that the two trade-names will be fairly distinguishable. Rodseth v. Northwestern Marble Works, 129 Minn. 472, 152 N. W. 885; Northwestern Knitting Co. v. Garon, 112 Minn. 321, 128 N. W. 288; Sheffield-King Milling Co. v. Sheffield Mill & Ele. Co. 105 Minn. 315, 117 N. W. 447, 127 Am. St. 574; Nesne v. Sundet, 93

Minn. 299, 101 N. W. 490, 106 Am. St. 439, 3 Ann. Cas. 30; Rickard v. Caton College Co. 88 Minn. 242, 92 N. W. 958; J. R. Watkins Medical Co. v. Sands, 83 Minn. 326, 86 N. W. 340.

2. The plaintiff does not claim that the words "sulphur springs" are not descriptive of the business of the defendant, nor that in some combination they might not be used; but its contention is that the combination adopted by the defendant misleads and is unfair.

The plaintiff was incorporated in 1909 under the name of "Jordan Sulphur Springs Sanatorium Company." In November, 1911, its name was changed to "Jordan Sulphur Springs & Mud Bath Sanatorium Company." The defendant was incorporated in May, 1914, under the name of "Mudbaden Sulphur Springs Company." For upwards of three years prior its predecessor had conducted a like business under the name of "Mudbaden." The plaintiff and the defendant operate sulphur springs sanatoriums something like two miles from Jordan and about three-quarters of a mile apart. Both get their mail and express and freight at Jordan and the telephone exchange is there. On the Omaha road near the defendant's location is a station called Mudbaden. There is no post-office nor express or freight office there. An application for a post-office is pending before the proper department. There is confusion in the delivery of imperfectly addressed mail coming to Jordan, and the same is true of express and freight. There is confusion in phone calls coming to the central. Prospective patrons have been misled by the similarity of names.

The facts stated are the important ones. A lengthy discussion or citation of cases would not be useful. Cases applying the principle stated, or closely related ones, to various situations are readily accessible. See Paul, Trade-marks, §§ 63-64; 28 Am. & Eng. Enc. (2d ed.) 369; 38 Cyc. 708, 733, 780 note, 800-806; 46 Cent. Dig. Trademarks, §§ 4-6, § 11; 19 Dec. Dig. Trade Marks § 3 (4), 7, 59 (5); note to Thaddeus Davids Co. v. Davids, 233 U. S. 461, 34 Sup. Ct. 648, 58 L. ed. 1046, in Ann. Cas. 1915B, 322; note to Dyment v. Lewis, 144 Iowa, 509, 123 N. W. 244, in 26 L.R.A. (N.S.) 73. The application of the principle stated to the facts of this case is attended with some difficulty and the result is not free of uncertainty; but our judgment is that the confusion arising is necessarily attendant upon the use of the words "sulphur springs." Both

parties have the right to use them. In using them in its trade-name the defendant has not adopted a combination of words so similar to those in the plaintiff's trade-name that the two are not fairly distinguishable. So long as the two companies conduct sulphur springs sanatoriums in the same locality and with a common post office and railway station there will be some confusion. The confusion comes from the legitimate use of words which both have a right to use and not from an improper or deceitful combination made of them by the defendant. The defendant should not be enjoined.

Order affirmed.