COLUMBIA GRAMMAR SCHOOL, Plaintiff, *v.* F. ARTHUR CLAWSON, Defendant.

Supreme Court, New York Special Term, May, 1923.

**Injunction — unfair competition — illegal use of similar name.**

Since 1864 the plaintiff has always been known as a preparatory school of recognized standing for the preparation of boys for entrance to Columbia University, and ever since then has been continuously known as the " Columbia Grammar School." Since July, 1921, the defendant has conducted a school for the instruction and tuition of boys and others under the name of " Columbia Preparatory School." *Held,* that the use of the word " Columbia " in connection with defendant's business will be enjoined as unfairly competing with the plaintiff and the fact that plaintiff has failed to show any specific item of damage is no bar to the injunction.

SUIT for an injunction.

*Kugel & Saxe (Gerson C. Young,* of counsel), for plaintiff.

*Francis P. Burns,* for defendant.

TIERNEY, J. The sole object of the plaintiff in this action is to enjoin the defendant from using the word " Columbia " in association with the words " Preparatory School," or in connection with the words " Preparatory," " Grammar " or " School," and from conducting a school for the instruction and tuition of boys and others under the name of " Columbia Preparatory School " and giving the impression to the general public by advertising and otherwise, that the school conducted by the defendant is affiliated with that of the plaintiff. No damages are demanded. The gravamen of the complaint is unfair competition. The evidence establishes that in the year 1907 the plaintiff was incorporated under the laws of this state, and since then has been conducting its school at Nos. 5–9 West Ninety-third street, New York city, under the name of " Columbia Grammar School; " that between the years 1864 and 1907 various individuals conducted the school under the same name at two other addresses in this city; that before the year 1864 and as far back as the year 1764 it was connected with Columbia College or University and known as the " Grammar School of Columbia College." The principal incorporators and stockholders of the

plaintiff had been in charge of the school for many years before its incorporation, one of them having been its principal since the year 1869 and its sole proprietor between the years 1896 and 1902. Upon its incorporation these men transferred to the plaintiff all their right, title and interest, including the good will and the name. Since 1864 the school has been continuously known as the " Columbia Grammar School." There has been during all these years a close relationship between it and Columbia University, those in charge of the school being graduates of the university. It has prepared boys for entrance to that university as well as to the leading universities and colleges of the United States. It has always been a preparatory school of recognized standing. It numbers among its graduates men of present-day prominence and renown. In addition to its standing as an educational institution it represents the investment of a substantial sum of money. It appears that on July 9, 1921, the defendant filed in the office of the clerk of the county of New York the customary trade-name certificate of his intention to conduct the business of a private school at No. 301 West Eighty-eighth street, New York city, under the name of " Columbia Preparatory School," and that he commenced doing business the following September, conducting college preparatory as well as other courses. On November 22, 1921, he was notified that the similarity of the name of his school to that of the plaintiff and his method of advertising his school created the erroneous impression among intending students and others that there was some connection between the two schools, and he was requested to discontinue the use of the name he had adopted so as to end the confusion thus created. He declined so to do, and shortly thereafter plaintiff commenced this action. Defendant, of course, has the right to compete with plaintiff in the preparatory school field, which appears to be large enough to support these two schools and perhaps many others. So defendant cannot be enjoined from conducting his school. He must do so, however, in a way that will not mislead, even unintentionally, those who might be inclined to avail themselves of the educational facilities and advantages offered by plaintiff's school, especially when its reputation for years of efficiency is remembered. The evidence in this case shows that the similarity of names is not only apt to be misleading but has in fact misled to such an extent that it can be safely said that defendant is unfairly competing with plaintiff. The main argument of the defendant seems to be that plaintiff having failed to establish any specific item of damage an injunction cannot issue. The authorities do not support such argument. On the contrary, this seems to be peculiarly a case for the granting of equitable

relief. *T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *German-American Button Co.* v. *A. Heymsfeld, Inc.*, 170 App. Div. 416. Defendant's claim that patriotic considerations should give the right to any one so choosing to use the word " Columbia " without restriction seems to have been determined adversely to that contention in the case of *People ex rel. Columbia Co.* v. *O'Brien*, 101 App. Div. 296. Judgment for plaintiff. Submit findings on notice.

Judgment accordingly.