**Application of ORION RESEARCH INCORPORATED.**

**Patent Appeal No. 75–540.**

United States Court of Customs and Patent Appeals.

Oct. 23, 1975.

Rehearing Denied Dec. 24, 1975.

Robert W. Hagopian, Wrentham, Mass., attorney of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for Commissioner of Patents; Jack E. Armore, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board, 184 USPQ 358 (1974), affirming the examiner's refusal to register the marks "NO LEMON"[1] and the "ban the lemon" design[2] illustrated below, for a service described in the applications as "For Guaranteeing Instrument Replacement." We affirm.

### Orion's "NO LEMON" Guarantee

The "service" for which Orion seeks to register its marks is guaranteeing replacement of defective instruments of its own manufacture. Though Orion and the board speak of "repair," the service is not so described in the applications. Orion's trade literature of record states the "'no lemon' guarantee" to be:

> If, within twelve months of purchase, the Model 601 fails, for reasons other than abuse, the purchaser may elect to have it repaired, or replaced immediately with a new meter—at no charge. Orion eats the lemon!

### Board

The board held that the marks sought to be registered identify a repair or replacement guarantee which

> is not considered a service within the meaning of the Trademark Act despite any broad definitions of the word "service" which may be found in dictionaries.

The board noted that guaranteeing repair or replacement of one's own merchandise would normally be expected in promotion of that merchandise.

Orion petitioned for reconsideration and submitted an affidavit of its president indicating that the "NO LEMON" guarantee is unique in the industry and that it renders a valuable service to customers by minimizing equipment "down" time. The board adhered to its original decision and added that whether Orion's guarantee is unique in the industry is not determinative of whether it constitutes a service.

### OPINION

Orion argues that because its instrument repair or immediate replacement is a service "over and above that normally involved in promoting the sale of goods," the "NO LEMON" guarantee is a service which may support registration. We cannot agree.

---

1. Application serial No. 442,890 filed December 15, 1972.

2. Application serial No. 443,201 filed December 8, 1972.

Orion's trade literature indicates that its guarantee is applicable only to instruments of its own manufacture and for a limited period of time. There is no evidence that Orion separately offers, charges for, or promotes the "NO LEMON" guarantee or that the same instruments were offered for sale without the guarantee. Though none of the foregoing factors is itself conclusive here, they cumulatively indicate that Orion merely guarantees or warrants the performance of its own goods, rather than provides a service contemplated by the Lanham Act (Act). Such guarantee or warranty may serve as an inducement in the sale of Orion's goods, but does not constitute a service separate therefrom.

Relying on *In re Heavenly Creations, Inc.*, 168 USPQ 317 (TTAB 1971), and *In re John Breuner Co.*, 136 USPQ 94 (TTAB 1963), Orion argues, and we agree, that repairing of instruments can be a service within the meaning of § 45. In *Heavenly Creations*, however, the service (instruction on styling hair pieces), unlike Orion's guarantee, was not limited to the specific hair pieces sold by the instructors. Accordingly, the instruction was considered a service additional to that normally involved in promoting the sale of one's own goods. Nonmandatory customer services, such as the credit extension service in *John Breuner*, are not analogous to a sales guarantee or warranty. The board correctly observed that a guarantee to replace or repair one's own merchandise in a given time period would be one of the normally expected duties of a merchandiser. Section 2–314 of the Uniform Commercial Code imposes on a seller of goods an implied warranty that the goods "are fit for the ordinary purpose for which such goods are used." The "service" alleged herein is no more than an express sales warranty or guarantee. U.C.C. § 2–313.

The "NO LEMON" guarantee may be an effective promotional and advertising idea designed to advance sales of Orion's instruments. It is not a service adequate to support registration under the Act.

*Affirmed.*