**IMPORTED AUTO PARTS CORPORATION, Appellant,**

v.

**R. B. SHALLER & SONS, INC., d. b. a. Rossi Imported Auto Parts et al., Respondents.**

Nos. 46941, 47258.

Supreme Court of Minnesota.

Oct. 7, 1977.

Schroeder, Siegfried, Ryan & Vidas, and Kenneth D. Siegfried, Minneapolis, for appellant.

Lindquist & Vennum and Melvin I. Orenstein and Nadine Strossen, Minneapolis, for respondents.

Heard before ROGOSHESKE, PETERSON and MacLAUGHLIN, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Plaintiff appeals from the entry of summary judgment[1] in district court, dismissing its claims of unfair competition and infringement of service mark. We affirm.

Both parties to this action sell parts for foreign-made automobiles. Plaintiff, Imported Auto Parts Corporation, is a Minnesota corporation that was founded in 1958. Since 1961, plaintiff has used "Imported Auto Parts" to denominate its goods and business. Plaintiff enjoyed success and steady growth and by 1975 operated five branch stores in the Twin Cities area.

On June 15, 1974, defendants opened a store in Minneapolis under the name of "Rossi Imported Auto Parts." Defendants received advice from plaintiff concerning merchandise and bought items from plaintiff for 5 months. At the time this action commenced, defendants had plans to open another store in Hopkins and ultimately did so in the fall of 1975. Both of defendants' stores display signs in which the personal name "Rossi" appears in larger lettering than and set off from the words "Imported Auto Parts." The letter "o" of "Rossi" also contains a map of Europe. Defendants' invoices, envelopes, sales receipts, and advertising similarly display the business' name in this manner.

Plaintiff sent a letter to defendants dated June 5, 1975, demanding they cease using the name "Rossi Imported Auto Parts." On July 2, 1975, plaintiff commenced an action for unfair competition. Plaintiff thereafter applied for and received registration of "Imported Auto Parts" as a service mark under Minn.St. 333.18 to 333.31 on August 7, 1975. Plaintiff amended its complaint to include infringement of the service mark as an additional cause of action. Defendants moved for summary judgment and the district court granted the motion, dismissing plaintiff's complaint.

Three issues are raised by this appeal:

(1) Was plaintiff's trade name, "Imported Auto Parts," generic or descriptive?

(2) Did defendants invade plaintiff's common-law rights?

(3) Did defendants infringe plaintiff's statutory service mark?

Whether a business acquires a protectible trademark[2] depends on the nature of the mark it adopts. If the business selects a mark that is arbitrary with respect to its trade or merely suggestive of it, the business' first use of the mark will establish common-law rights, if another has not yet appropriated it. However, if the mark is descriptive of the business' trade, e. g., if it describes a characteristic or quality of the product, or its effect, purpose, or manner of use, the mark's distinctiveness must be established through proof that it has acquired a secondary meaning in the market. A secondary meaning attaches when a substantial number of the prospective purchasers of the product associate the mark not with a characteristic of the product as sold by various companies but with the particular company that distributes the product under that mark. If a descriptive mark acquires secondary meaning, it is entitled to protection as a trademark. A generic mark, on the other hand, never leaves the public domain. It denotes the nature or class of the articles comprising a business' trade, and no amount of promotion attaches a secondary meaning to a generic mark so as to make it the property of one business. The test of the nature of a mark—whether

---

1. Plaintiff initially appealed from the order granting defendants summary judgment. On October 6, 1976, defendants moved to dismiss the appeal from this nonappealable order. We denied this motion on November 3, 1976, in view of plaintiff's later appeal from the entry of summary judgment, and granted plaintiff's motion to consolidate the appeals.

2. The general principles of trademark law apply to trade names. 1 McCarthy, Trademarks and Unfair Competition, § 9:1. Under modern terminology a "trade name" distinguishes businesses, a "trademark" distinguishes goods, and a "service mark" distinguishes services. The service mark is a creature of statute. Archaic terminology utilized "trade name" to denote all marks that were not arbitrary; "trademark" was restricted to arbitrary marks. Id. §§ 4:1 to 4:5.

it is arbitrary, suggestive, descriptive, or generic—is consumer reaction to it in the marketplace. See, *Houston v. Berde,* 211 Minn. 528, 2 N.W.2d 9 (1942); 1 McCarthy, Trademarks and Unfair Competition, chs. 11, 12, 15; 3 Callman, Unfair Competition Trademarks and Monopolies (3d ed.) §§ 69 to 71, 74; Restatement, Torts, §§ 715 to 740.

In the instant case, the principal controversy concerns whether "Imported Auto Parts" is a descriptive or a generic mark. Plaintiff has advanced sufficient evidence of secondary meaning in the relevant market to withstand defendants' motion for summary judgment if the mark is descriptive. Defendants, however, contend that the mark is generic. It is their burden to justify any infringement of plaintiff's name. 3 Callman, Unfair Competition Trademarks and Monopolies (3d ed.) § 74, p. 244.

The distinction between generic and descriptive marks is a matter of degree. "[A] generic term conveys information with respect to the nature or class of an article, whereas a descriptive term identifies the characteristics and qualities of the article, its color, odor, functions, dimensions or ingredients." Id. § 70.4. "In a sense, a generic designation is the ultimate in descriptiveness." 1 McCarthy, Trademarks and Unfair Competition, § 12:5. The difficulty is compounded in this case because a trade name, rather than a trademark, is at issue, and the name of a business generally will be of broader classification than the name of a single product.

■ We think that "Imported Auto Parts" is a generic trade name. Plaintiff's business is selling imported auto parts. The name it has chosen for itself describes the nature of that business in the most general manner practicable. It is true that "Imported Auto Parts" is a subset of the more general term "auto parts," but no more general term is available that would accurately describe the products comprising plaintiff's trade. "Imported Auto Parts" does not impart any specific source of imported auto parts—it is indicative only of

plaintiff's trade and not its stores. Hence, the term is generic and is not the property of plaintiff. The policy behind such a result is clear. In *CES Pub. Corp. v. St. Regis Publications, Inc.,* 531 F.2d 11, 13 (2 Cir. 1975), Judge Friendly stated:

"* * * To allow trademark protection for generic terms, i. e., names which describe the genus of goods being sold, even when these have become identified with a first user, would grant the owner of the mark a monopoly, since a competitor could not describe his goods as what they are."

■ A generic term is free to be used by all. Nevertheless, the doctrine of unfair competition requires that subsequent use of the term be fair. *Kellogg Co. v. National Biscuit Co.,* 305 U.S. 111, 122, 59 S.Ct. 109, 115, 83 L.Ed. 73, 80 (1938). Defendants have taken every reasonable precaution in distinguishing the name of their business from that of plaintiff's. Wherever the business' name appears, defendants have prefaced the generic term with the personal name "Rossi," which, because of its size and the inscribed letter "o," is more prominent than the rest of the name. Further, defendants never separate these components of the name to hold themselves out only as "Imported Auto Parts." The district court noted:

"The use of the word 'Rossi' as used by the defendants along with the words 'imported auto parts' is sufficiently striking in appearance and effect so as to distinguish defendant's name from that of the plaintiff and so as to allow the purchasing public to identify the source of the merchandise sold by the parties. It is clear to the Court that to the extent any confusion may result from the defendant's use of the tradename 'Rossi Imported Auto Parts,' such confusion, if any, is unavoidable under the circumstances * * *."

Plaintiff offered evidence indicating that some persons have mistaken defendants' stores as branches of plaintiff's expanding operation. Such confusion, however, is attributable to the generic nature of plain-

tiff's trade name and, as the district court noted, is unavoidable under the circumstances. Plaintiff's unfair competition action therefore fails. *Jordan Sulphur Springs & Mud Bath Sanitarium Co. v. Mudbaden Sulphur Springs Co.*, 135 Minn. 123, 124, 160 N.W. 252, 253 (1916).

■ Plaintiff also registered "Imported Auto Parts" under Minn.St. 333.18 to 333.31 as a service mark. This statute, passed in 1959 and patterned closely after relevant portions of the Lanham Trade-Mark Act, 15 U.S.C.A. §§ 1051 to 1127, apparently has yet to be judicially interpreted.

As a generic term, "Imported Auto Parts" was not properly registrable under the statute.[3] Minn.St. 333.19, subd. 1, provides in part:

"A trademark or service mark by which the goods or services of any applicant for registration may be distinguished from the goods or services of others shall not be registered if it;

\* \* \* \* \* \*

(5) consists of a mark which, (a) when applied to the goods or used to identify the services of the applicant, is merely descriptive \* \* \* of them, \* \* \* provided, however, that nothing in this subsection (5) shall prevent the registration of a mark used in this state by the applicant which has become distinctive of the applicant's goods or services \* \*."

Generic terms are barred from registration under equivalent language of the Lanham Trade-Mark Act. *CES Pub. Corp. v. St. Regis Publications, Inc.*, 531 F.2d 11 (2 Cir. 1975); 1 McCarthy, Trademarks and Unfair Competition, § 12:16. Such a result is persuasive here since generic terms cannot by definition become distinctive of the applicant's goods or services. Moreover, § 333.25, subd. 2, provides for cancellation of the mark at any time if "the mark is the common descriptive name of any article, substance or service." Equivalent language in 15 U.S.C.A., § 1065, has been a factor in precluding registration of generic terms under the Federal act. We are convinced that the Minnesota statute should be similarly interpreted. Since "Imported Auto Parts" was not properly registrable by plaintiff as a service mark, no question of infringement arises.

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.

WAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

3. Under the Lanham Trade-Mark Act, trade names per se are not registrable. 1 McCarthy, Trademarks and Unfair Competition, § 9:6. However, a trade name can be registered if it functions as a trademark or service mark. Id. Minn.St. 333.18, subd. 1, and 333.19 seem to have similar provisions.

Minn.St. 333.18, subd. 1(2), provides: "The term 'service mark' as used in sections 333.18 to 333.31 means a word, name, symbol, or device or any combination thereof adopted and used by a person to identify his services and to distinguish them from services of others and includes without limitation the marks, names, symbols, titles, designations, slogans, character names, and distinctive features of radio or other advertising used in commerce."

Plaintiff lists the services it provides as (1) advising new automobile parts dealers, as was done with defendants; (2) obtaining imported auto parts; (3) packaging automobile parts on a card covered with plastic film; and (4) providing customers access to its store through a Wats telephone line. We find it difficult to distinguish these services from plaintiff's sale of automobile parts. See, *Application of Orion Research Inc.*, 523 F.2d 1398 (Cust. & Pat.App. 1975); McCarthy, op. cit. *supra*, § 19:30. The sale of goods is not a service but instead requires trademark protection. See, § 333.18, subd. 1(1).