**In the Matter of the Application of ORION RESEARCH INCORPORATED.**

**Appeal No. 79–622.**

United States Court of Customs and Patent Appeals.

April 10, 1980.

John B. Miller, Cambridge, Mass., attorney of record for appellant; Robert W. Hagopian, Cambridge, Mass., of counsel.

Joseph F. Nakamura, Washington, D.C., for the Commissioner of Patents; Fred E. McKelvey and David E. Shallant, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and FORD,* Judge, Customs Court.

MARKEY, Chief Judge.

Orion Research Incorporated (Orion) appeals from a decision of the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board) affirming the examiner's refusal to register a symbol as a service mark. We affirm.

### Background

In December of 1972, Orion applied for registration of NO LEMON [1] and the "ban the lemon" symbol [2] illustrated below as

The guarantee, applicable only to meters made by Orion, gave purchasers the option of repair or immediate replacement of meters malfunctioning within twelve months of purchase. There was no evidence that Orion separately offered, charged for, or promoted the guarantee or that the same meters were offered for sale without the guarantee. According to Orion, the guarantee was unique in the industry and rendered a valuable service to customers by minimizing equipment "down" time.

The PTO refused registration. This court affirmed, holding that guaranteeing one's own goods was not a "service" adequate to support registration under the Lanham Act. *In re Orion Research Inc.*, 523 F.2d 1398, 187 USPQ 485 (CCPA 1975) (*Orion* I). The court noted that "[s]uch guarantee or warranty may serve as an inducement in the sale of Orion's goods, but does not constitute a service separate therefrom." *Id.* at 1400, 187 USPQ at 486.

Orion reapplied for registration of the "ban the lemon" symbol as a service mark, changing the description of services in the application from "Guaranteeing" to "Repair or Immediate Replacement of pH–Meters Specific Ion Meters and Other Potentiometric Measuring Devices." [3] The PTO again refused registration.

---

* Honorable Morgan Ford, Judge, United States Customs Court, sitting by designation.

1. Application serial No. 442,890 filed December 15, 1972.

2. Application serial No. 443,201 filed December 8, 1972.

3. Application serial No. 55,915 filed June 23, 1975.

## Board

After reiterating the principle that "promoting the sale and use of one's goods is not, per se, a service," the board concluded that:

We see nothing in the present case, either in the mark presented, the service rendered, the wording of the guarantee or warranty, or the evidence which has been made of record, as would justify the rendering by this tribunal of a decision contrary to that previously rendered by this Board and affirmed by the court. The guarantee or warranty identified by the mark here presented for registration is considered nothing more than an additional inducement to purchase applicant's services [sic, goods]. It is not a service which is over and above that normally expected of the seller.

## Issue

The dispositive issue is whether Orion's "repair or immediate replacement" activity constitutes a service adequate to support registration under the Lanham Act.

## OPINION

Orion never asserted, and presumably could not truthfully assert, that the repair/replacement activity recited in the instant application was different from the guarantee recited in *Orion* I. The relevant portions of the documents, trade literature, and specimens of use in the present record are identical to those considered in *Orion* I. They consistently refer to Orion's repair/replacement activity as a " 'no lemon' guarantee." Under those circumstances, the mere change in label applied to the activity is a meaningless gesture that cannot alter the result reached in *Orion* I. *Cf. Toro Co. v. Hardigg Industries, Inc.,* 549 F.2d 785, 788–89 & n. 5, 193 USPQ 149, 154 & n. 5 (CCPA 1977).

Orion cites several "facts not considered or addressed by the Board or this Court in the prior Orion application:" (1) the re-

pair/replacement option is available to customers who purchase meters from Orion's dealers (thus the option is not a guarantee owed to those customers), (2) new meters are sent under a new purchase order number (thus a new contract, not the result of a prior guarantee), (3) the option is not offered on all goods (Orion can satisfy its statutory warranty obligation without it), and (4) the option is directed to reduction of "down" time in use of the meters, not to their sale.

Those facts do not take the instant application outside the holding of *Orion* I.[4] The present repair/replacement activity remains merely an inducement to the sale of Orion's own goods. It is irrelevant whether the activity is self-imposed or compelled by a sales contract or statute.

The decision in *Orion* I is dispositive of this appeal. Orion's repair/replacement activity is not a service adequate to support registration. Therefore the decision of the board is *affirmed.*

*AFFIRMED.*

BALDWIN, Judge, concurring.

I disagree with the majority that the "repair and replacement" activity for which appellant seeks service mark registration is a "mere change in label" from the guarantee or warranty for which appellant had sought service mark registration earlier in *In re Orion Research Inc.,* 523 F.2d 1398, 187 USPQ 485 (CCPA 1975). The "repair and replacement" activity represents an actual service in support of the guarantee and as such is readily distinguishable from the guarantee itself, which is the pledge or agreement to provide those services.

However, in evaluating appellant's service activity here in issue, including those "facts not considered or addressed by the board or this court in the prior Orion application," I come to the conclusion that the service identified by the mark NO LEMON and the "ban the lemon" symbol is not a

---

4. Orion cites *Liberty Mutual Insurance Co. v. Liberty Insurance Co.,* 185 F.Supp. 895, 127 USPQ 312, (E.D. Ark.1960) and *In re John* *Breuner Co.,* 136 USPQ 94 (TTAB 1963). Neither case, however, dealt with a guarantee.

service adequate to support registration under the Lanham Act. Notwithstanding the fact that the replacement option may be unique in this industry, and is of a beneficial nature to those customers who chose immediate replacement, thus reducing "down" time in use of the meters, such repair or replacement of manufactured goods is not a service activity normally unexpected of the manufacturer. *See In re Television Digest, Inc.*, 169 USPQ 505 (TTAB 1971) (discussion of mandatory or expected services supplied to support sale of goods.)